ALBERT A. SPRAGUE *et al.* v. THE FARMERS' NATIONAL BANK OF ARKANSAS CITY, KANSAS, *et al.*

No. 12,135.  (64 Pac. 967.)

SYLLABUS BY THE COURT.

BANKS AND BANKING— *Collections — Notice to Owner of Non-payment.* It is the duty of a bank receiving commercial paper for collection before it is due to present it to the maker for payment at maturity, and, if payment be refused, immediately to notify the holder. In a case where the duty to give such notice was neglected, and the bank, after the maturity of the note and while holding it for collection, took from the maker a chattel mortgage to itself, and assisted another creditor in obtaining a mortgage, covering all the debtor's property, by reason of which the note was rendered uncollectable, it was error for the court to take from the jury the question of the bank's liability for the amount of the note.

Error from Cowley district court; A. M. JACKSON, judge. Opinion filed May 11, 1901. Division one. Reversed.

*C. T. Atkinson,* for plaintiffs in error.

*Jackson & Love,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: Sprague, Warner & Co., of Chicago, were the owners of a promissory note, dated March 12, 1894, payable ten days after date, executed by H. Godehard & Co., for the sum of $228.75. On March 15, 1894, they transmitted the note to the cashier of the Farmers' National Bank of Arkansas City, enclosed in a letter reading as follows:

"MARCH 15, 1894.

"*Cashier Farmers' National Bank, Arkansas City, Kan.:*

"DEAR SIR—Herein please find for collection note H. Godehard & Co., Mch. 12, 10 days, $228.75. Kindly make returns to       Yours truly,

"SPRAGUE, WARNER & CO."

The note was received by the bank prior to its maturity on March 25. It was presented to the makers after it had become due, and payment refused. No notice of its non-payment was given by the bank to the plaintiffs in error until April 5. At the time the bank received the paper for collection the firm of H. Godehard & Co. was indebted to it in the sum of about $2500, and thereafter, and on the 4th day of April, 1894, the bank received from the firm a chattel mortgage on all their stock of merchandise and fixtures to secure its own indebtedness, and at the same time other creditors took three chattel mortgages, one of which at least was obtained through the agency of the bank, subject to the bank's mortgage, on the merchandise mentioned. The foreclosure of these chattel mortgages exhausted the assets of H. Godehard & Co., rendering the note of Sprague, Warner & Co. uncollectable. Plaintiffs in error brought this action against the bank in the court below for damages resulting from its negligence as collection agent. On the trial a demurrer to the evidence of plaintiffs below was sustained, and they have prosecuted proceedings in error.

We think there was evidence sufficient for the consideration of the jury on the question of the negligence of the officers of the bank in their conduct toward plaintiffs below regarding this note. After its maturity, and while holding it for collection, the bank not only secured the indebtedness from H. Godehard & Co. to it, but it also acted as agent for at least one other creditor in securing a subsequent mortgage. Certainly the jury ought to have been permitted to pass on the question whether the bank officers were guilty of misconduct toward plaintiffs below in assisting other creditors of H. Godehard & Co. to obtain

security at a time when the note in question was in possession of the bank with instructions from the owners to collect. We think it was a duty incumbent on the bank to present this note to the maker immediately on its maturity, and if not paid to notify the holders thereof. Such notice would have given opportunity to plaintiffs in error at once to obtain security or payment. With information of the makers' default, while H. Godehard & Co. were a going concern, the plaintiffs below might, by diligence, have received the advantages which other creditors obtained by their chattel mortgages.

Counsel for defendants in error challenge the sufficiency of the record on the ground that it does not contain all the evidence introduced on the trial. There is no merit in this contention. At the conclusion of the testimony of the witnesses there is this recital : "And this was all the evidence given in the case."

The judgment of the court is reversed and a new trial ordered.

DOSTER, C. J., ELLIS, POLLOCK, JJ., concurring.